IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADVANCED CABINETS CORPORATION and EWELINA FILIPEK,  Plaintiffs,  v.  ALEJANDRO MAYORKAS, Secretary, Department of Homeland Security,[1] and TRACY RENAUD, Senior Official Performing the Duties of Director, U.S. Citizenship and Immigration Services,[2]  Defendants. | No. 19 C 5930  Judge John Z. Lee |

## MEMORANDUM OPINION AND ORDER

Advanced Cabinets Corp. ("Advanced Cabinets") twice petitioned for an alien worker visa in order to employ Ewelina Filipek, a citizen of Poland (collectively, "Plaintiffs"), as a procurement specialist. However, the United States Citizenship and Immigration Services ("USCIS," which is a part of the Department of Homeland Security ("DHS")) revoked Advanced Cabinet's 2016 petition and denied its 2019 petition, on the grounds that Advanced Cabinets did not prove that Filipek had the

---

[1] Alejandro Mayorkas is automatically substituted for Kevin McAleenan under Rule 25(d) as of February 2, 2021. *See Alejandro Mayorkas*, U.S. Department of Homeland Security, https://www.dhs.gov/person/alejandro-mayorkas (last accessed Feb. 10, 2021).

[2] Tracy Renaud is automatically substituted for Kenneth Cuccinelli under Rule 25(d) as of January 20, 2021. *See Tracy Renaud, Senior Official Performing the Duties of the Director, U.S. Citizenship and Immigration Services; Director*, U.S. Citizenship and Immigration Services, https://www.uscis.gov/about-us/organization/leadership/tracy-renaud-senior-official-performing-the-duties-of-the-director-us-citizenship-and-immigration (last accessed Feb. 10, 2021).

necessary training or experience for the job. Asserting that those decisions were arbitrary and capricious, Plaintiffs brought this action against the heads of both agencies (collectively, "Defendants"). Now before the Court are the parties' cross-motions for summary judgment. For the reasons that follow, Defendants' cross-motion is granted, and Plaintiffs' cross-motion is denied.

## I. Background[3]

### A. Statutory Overview

A brief review of the statutory framework would be helpful here. An employer who seeks to employ a noncitizen worker permanently in the United States must follow three steps under the Immigration and Nationality Act. *See* 8 U.S.C. § 1101 *et seq*. First, the employer must file an "ETA Form 9089" Application for Permanent Employment Certification with the United States Department of Labor ("DOL"). The agency approves the certification if it determines that (1) there are insufficient U.S. workers who are able, willing, qualified, and available for the proffered job, and (2) the employment of the noncitizen will not adversely affect the wages and working conditions of similarly employed U.S. workers. *Id.* § 1182(a)(5)(A)(i).

Second, once DOL approves an ETA Form 9089 labor certification, the employer must obtain an immigrant visa for the prospective noncitizen worker by submitting to USCIS a "Form I-140" Immigrant Petition for Alien Worker, along with the certification. 8 C.F.R. § 204.5(a); *see* 8 U.S.C. § 1153(b)(1)–(3) (setting forth the grounds for employment-based immigrant visas). Where, as here, the requested visa

---

[3] The following facts are undisputed, unless otherwise noted.

is for a "skilled worker," the petition "must be accompanied by evidence that the alien meets" the minimum requirement of "at least two years of training or experience." 8 C.F.R. § 204.5(*l*)(3)(ii)(B); *cf.* 8 U.S.C. § 1153(b)(3)(A)(i) (defining a "skilled worker" as an immigrant with "at least 2 years training or experience" in the relevant "skilled labor"). The employer can make this showing as an initial matter "in the form of letter(s) from current or former employer(s) or trainer(s)," including "a specific description of the duties performed by the alien or the training received." 8 C.F.R. § 204.5(g)(1); *see also id.* § 204.5(*l*)(3)(ii)(A).

Third, the noncitizen prospective employee must apply for lawful permanent resident status by filing a "Form I-485" Application to Register for Permanent Resident or Adjust Status with USCIS. *See* 8 U.S.C. § 1255(a). The agency's approval of a Form I-485 application is contingent upon its approval of the employer's underlying Form I-140 petition. *See id.* § 1255(a)(2). Once USCIS approves the Form I-485 application, the noncitizen becomes a lawful permanent resident. *Id.* § 1255(b).

**B.     The 2016 Petition**

Advanced Cabinets is an Illinois corporation that sells kitchen and bath cabinets to consumers. Pls.' L.R. 56.1 Statement of Material Facts ("PSOF") ¶ 3, ECF No. 32; *see* Defs.' L.R. 56.1 Statement of Additional Facts ("DSOAF") ¶ 2, ECF No. 36. In December 2015, Advanced Cabinets filed an ETA Form 9089 application with DOL for Filipek to work as a procurement specialist for the company. He is a citizen of Poland. PSOF ¶¶ 4, 7. In its application, Advanced Cabinets represented that Filipek was qualified for the proffered position based on her experience working for a

3

company called Maxbud sp. Z.o.o. ("Maxbud"), in Krakow, Poland, from 2004 to 2007. *Id.* ¶ 8. DOL approved the labor certification in July 2016. *Id.* ¶ 9.

Advanced Cabinets then filed a Form I-140 petition for Filipek with USCIS on August 8, 2016 ("the 2016 Petition"), *id.* ¶ 10, which characterized her as a "skilled worker," *see* Certified Admin. Record ("CAR") at 191, ECF No. 21-2.[4] USCIS approved the 2016 Petition four days later. PSOF ¶ 11. But in October 2017, it issued a Notice of Intent to Revoke ("NOIR") the 2016 Petition, requesting tax records to prove Filipek's employment with Maxbud. *Id.* ¶ 12. Advanced Cabinets responded to the NOIR the next month, stating that Filipek had no such tax records because she had been paid in cash. *Id.* ¶ 13. Instead, Advanced Cabinets submitted affidavits from Filipek's grandmother, a former co-worker, and a co-owner of Maxbud, all attesting to her prior employment with the company. *Id.* ¶ 14; *see* CAR at 369–400.

USCIS revoked the 2016 Petition in January 2018, finding that, without the requested tax records, Advanced Cabinets could not meet its burden to prove that Filipek had in fact worked for Maxbud. CAR at 364–65; *see* PSOF ¶ 15. Advanced Cabinets appealed that decision to the Administrative Appeals Office ("AAO"), asserting that USCIS failed to explain why it was requesting additional proof of employment. PSOF ¶¶ 16–17. The AAO agreed, withdrawing the decision and remanding on the ground that USCIS had to provide a reason why it needed tax records, and not just an employment letter, as proof of employment. *Id.* ¶ 18.

---

[4] The Certified Administrative Record spans ECF Nos. 21-1 to 21-3. The Court cites it for undisputed facts that the parties have either failed to include or mischaracterized in their Local Rule 56.1 statements of material facts.

USCIS issued a second NOIR on remand, specifying that it was requesting tax records, because it had discovered that, in a separate 2006 visa application, Filipek had not mentioned any employment with Maxbud. *Id.* ¶ 19. In response, Filipek stated that she had not listed Maxbud as an employer, because she did not have a formal employment agreement with Maxbud, had been paid in cash, and was concerned that the arrangement "was not fully legal." CAR 317; *see* PSOF ¶ 20. Filipek further stated that, while she was also "working at Maxbud full-time," she was "principally a Master's degree student" at the time. CAR 317.

USCIS issued a final decision revoking Advance Cabinet's 2016 petition in January 2019. In doing so, it cited Maxbud's and Filipek's inability to provide objective, independent evidence of Filipek's prior employment with Maxbud. Moreover, it noted that the discrepancy in Filipek's 2006 visa application undermined the reliability of the affidavits supporting the 2016 Petition. And, as a result, Advanced Cabinets had failed to meet its burden to prove that Filipek possessed the requisite training or experience of a skilled worker in the field. PSOF ¶ 22.

C. **The 2019 Petition**

Undeterred, in October 2019, Advanced Cabinets filed a second Form I-140 Immigrant Petition for Filipek in October 2019, using the same labor certification and evidence as with the 2016 Petition. *Id.* ¶ 23. USCIS promptly issued a Notice of Intent to Deny ("NOID") the 2019 Petition. *Id.* ¶ 23. The agency also simultaneously re-opened the 2016 Petition and issued a new NOIR with respect to it, finding that

5

its January 2019 decision "did not adequately discuss the deficiencies of the case" and seeking to provide "additional information." CAR 289; *see* PSOF ¶ 24.

The NOID and latest NOIR identified two defects common to the 2016 and 2019 Petitions. First, USCIS found that Advanced Cabinets again failed to meet its burden to prove that Filipek had two years' experience with Maxbud due to several "unresolved discrepancies" that "cast doubt" on the supporting documentation. *See* CAR at 16 (NOID), 293 (NOIR). In this respect, the agency pointed not only to Filipek's omission of any employment with Maxbud in her 2006 non-immigrant visa application—and her explanation that she was "principally" a graduate student at the time—but also to another discrepancy: whereas Filipek had represented to USCIS that she did not have an "employment agreement" with Maxbud, the certificate of employment provided by Maxbud stated that she was employed "based on an employment contract." *See id.* at 14–16, 291–93. Second, USCIS asserted that, upon its review of the supporting documentation, the position that Filpek claimed to have held with Maxbud did not appear to have encompassed many of the job duties required of the position offered by Advanced Cabinets. *Id.* at 15, 292.

Advanced Cabinets responded to the NOID and NOIR on November 29, 2019, insisting that it had provided sufficient evidence of Filipek's employment with Maxbud and that Filipek had the necessary experience for the position of procurement specialist, even if her duties at Maxbud were not quite the same. PSOF ¶¶ 26–27, 30–31. Nonetheless, on December 13, 2019, USCIS issued substantively identical decisions denying the 2019 Petition and re-revoking the 2016 Petition along

6

the lines set forth in its October NOID and NOIR. *See* CAR at 1–6 (denying the 2019 Petition), 277–81 (re-revoking the 2016 Petition); *see also* PSOF ¶¶ 32–39.

### D. Procedural History

In this action, Plaintiffs ask the Court to "hold unlawful and set aside" USCIS's revocations of the 2016 Petition and its denial of the 2019 Petition as "arbitrary" and "capricious" under the Administrative Procedure Act ("APA"). 1st Am. Compl. ¶ 47 (quoting 5 U.S.C. § 706(2)(A)). Before the Court are the parties' dueling motions for summary judgment as to that issue. *See* Pls.' Mot. Summ. J. and Mem. Supp. ("Pls.' Mot."), ECF No. 31; Defs.' Cross-Mot. Summ. J., ECF No. 37.

## II. Legal Standard

Summary judgment is appropriate where the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The nonmoving party must then "come forth with specific facts showing that there is a genuine issue for trial." *LaRiviere v. Bd. of Trs. of S. Ill. Univ.*, 926 F.3d 356, 359 (7th Cir. 2019). To do so, the nonmoving party must establish "that a reasonable jury could return a verdict in her favor." *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769, 772–73 (7th Cir. 2012); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("[S]ummary judgment will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."). Where, as here, the parties have filed cross-motions, courts "look[s] to the burden of

proof that each party would bear on an issue as trial." *Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997).

"To survive summary judgment under the APA, the plaintiffs must point to facts or factual failings in the administrative record that indicate that the [agency's] decision is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Shenandoah Ecosystems Def. Grp. v. U.S. Forest Serv.*, 144 F. Supp. 2d 542, 547 (W.D. Va. 2001) (quoting 5 U.S.C. § 706(2)(A)). To determine whether agency action is arbitrary and capricious, courts "focus primarily on whether the agency considered the relevant data and offered a satisfactory explanation for its action," looking "only for a rational connection between the facts the agency found and the decision it made." *Howard Young Med. Ctr. Inc. v. Shalala*, 207 F.3d 437, 441 (7th Cir. 2000). Under this "highly deferential" standard of review, "[t]he district court must consider the agency action valid as long as it appears from the administrative record that the decision was supported by a rational basis." *Bagdonas v. Dep't of Treasury*, 93 F.3d 422, 425–26 (7th Cir. 1996) (cleaned up). By the same token, courts must not "reweigh the evidence or to substitute our own judgment for that of the administrative agency." *Howard Young Med. Ctr.*, 207 F.3d at 441.

### III. <u>Analysis</u>

The parties' cross-motions for summary judgment dispute whether USCIS's determinations with respect to each of Plaintiffs' petitions—(1) its revocations of the

8

2016 Petition and (2) its denial of the 2019 petition—were arbitrary and capricious under 5 U.S.C. § 706(2)(A).[5] The Court addresses each petition in turn.

### A. USCIS's Revocations of the 2016 Petition

Plaintiffs first challenge the agency's revocations of the 2016 Petition. Defendants counter that, under controlling Seventh Circuit precedent, the Court lacks jurisdiction to review those agency decisions. Defendants are correct.[6]

As the Seventh Circuit recently has reiterated, "a decision to revoke a previously approved visa petition under [8 U.S.C.] § 1155 is expressly discretionary, and therefore [8 U.S.C.] § 1252(a)(2)(B)(ii) precludes review." *Bultasa Buddhist Temple of Chi. v. Nielsen*, 878 F.3d 570, 573–74 (7th Cir. 2017); *accord Holy Virgin Protection Cathedral of the Russian Orthodox Church Outside Russia v. Chertoff*, 499 F.3d 658, 661 (7th Cir. 2007); *El–Khader v. Monica*, 366 F.3d 562, 568 (7th Cir. 2004). *Bultasa* also expressly rejected the view that a litigant can "avoid the jurisdictional bar established by 8 U.S.C. § 1252 simply by raising a claim" that the agency's decision was arbitrary and capricious under 5 U.S.C. § 706(2)(A). 878 F.3d at 574. And it found "no reason to depart" from the court's holdings in *El–Khader* and *Holy Virgin* that § 1155's requirement of "good and sufficient cause" for revoking a visa petition does not "indicate[] that the decision is not purely discretionary." *Id.*

---

[5] Plaintiffs do not argue that USCIS's determinations were "an abuse of discretion" or "otherwise not in accordance with law" under 5 U.S.C. § 706(2)(A), nor do they contend that the decisions were "unsupported by substantial evidence" under 5 U.S.C. § 706(2)(E).

[6] In any event, Plaintiffs failed to respond to Defendants' argument in their final brief, and so waived any argument to the contrary. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver.").

9

Thus, because USCIS's revocations of the 2016 Petition are "precisely the type of discretionary action that § 1252(a)(2)(B)(ii) bars from review" under *Bultasa* and its predecessors, the Court lacks jurisdiction to review them. *See id.*

## B. USCIS's Denial of the 2019 Petition

Plaintiffs also contest the agency's denial of the 2019 Petition. In Defendants view, no reasonable juror could find that denial to be arbitrary and capricious.

As noted, USCIS denied the 2019 Petition on two grounds. First, the agency found that Advanced Cabinets had failed to meet its burden to prove that Filipek had the requisite training or experience due to "unresolved discrepancies" that cast doubt on the reliability of its supporting affidavits. CAR at 4. Second, the agency found that, even if Advanced Cabinets could prove that Filipek worked for Maxbud, that experience "was not in the job offered" because the affidavits showed that it "did not include many of the duties that make up the proffered position." *Id.* at 5. The Court must uphold USCIS's denial as long as either ground is valid. *See Doe v. McAleenan*, 929 F.3d 478, 485 (7th Cir. 2019).

### 1. USCIS's First Ground

No reasonable juror could find that USCIS's first and primary ground for denying the 2019 Petition lacked "a rational basis" in the administrative record. *See Bagdonas*, 93 F.3d at 426 (cleaned up). In particular, the agency tethered its determination that Advanced Cabinets had failed to present sufficient evidence of Filipek's employment with Maxbud to three "unresolved discrepancies" in the record. CAR at 4. First, in a nonimmigrant visa filed during the time when she claims to

10

have worked for Maxbud, Filipek listed "student" as her sole "occupation," without mentioning any employment. *See id.* Second, in attempting to explain that omission, Filipek maintained that she was "principally" a graduate student at that time, even as she insisted that she was simultaneously "working at Maxbud full-time." CAR at 317. And third, Filipek added that she had no "employment agreement" with Maxbud, *id.*, whereas the employment certificate provided by Maxbud stated that she was employed "based on an employment contract," *id.* at 445. Taken together, these facts more than support USCIS's determination under the APA's "highly deferential" standard of review. *See Bagdonas*, 93 F.3d at 425.

Plaintiffs' arguments to the contrary are unpersuasive. For the most part, they contend that USCIS "improperly found that [Advanced Cabinets] did not meet [its] burden to show" that Filipek had the requisite employment experience, presumably inviting the Court to conduct its own de novo review of the agency's determination. Pls.' Mot. at 4; *see also id.* at 5. But, again, the question under § 706(2)(A) is not whether the Court might have weighed the record evidence differently or reached a different conclusion, but only whether the agency articulated "a rational connection" between the evidence and its decision. *See Howard Young Med. Ctr.*, 207 F.3d at 441. The agency has done so here.

Plaintiffs fare no better in relying on *Lu-Ann Bakery Shop, Inc. v. Nelson*, 705 F. Supp. 7 (D.D.C. 1988). There, the district court found that the revocation of a petition for alien worker visa was not "in accordance with law" under § 706(2)(A) where the agency demanded contemporaneous evidence of employment over and

11

beyond the petitioner's affidavits "*without* making a conclusive determination that the affidavits presented [were] not accurate or credible or otherwise concluding that the petitioner does not have the requisite experience." *Id.* at 11–12 (emphasis added). Here, by contrast, USCIS *did* find that the discrepancies discussed above cast "doubt on whether [Filipek] was employed for Maxbud as claimed" in Plaintiffs' affidavits. CAR at 4. And it is well established that "[d]oubt cast on any aspect of the petitioner's proof may . . . lead to a reevaluation of the reliability and sufficiency of the remaining evidence offered in support of the visa petition," and that "it is incumbent upon the petitioner" to resolve any ambiguities or inconsistencies in the record "by independent objective evidence." *Matter of Ho*, 19 I. & N. Dec. 582, 591 (BIA 1988); *see also id.* at 591–92 ("Attempts to explain or reconcile the conflicting accounts, absent competent objective evidence pointing to where the truth, in fact, lies, will not suffice."); *cf. Lu-Ann Bakery*, 705 F. Supp. at 11 (noting that the agency "is of course free to determine" that the petitioner's documentation "is not accurate or not credible").

     Plaintiff also fail to establish a genuine dispute as to whether the discrepancies on which USCIS relied are not actually discrepant. In this regard, Plaintiffs contend that Filipek's 2006 nonimmigrant visa is not inconsistent with her claimed employment with Maxbud because the nonimmigrant visa forms asked for her "present school *or* employment information." Pls.' Mot. at 3. But that is incorrect: the form simply asked for her "Present Occupation," without instructing applicants with multiple occupations to choose between them. *See* Pls.' Ex. 1, Nonimmigrant Visa Application at 1, ECF No. 31-1. Relatedly, Plaintiffs assert that there is no

12

inconsistency in Filipek's claim that she was a graduate degree student while simultaneously working at Maxbud full-time, because "a person can clearly be employed full time as well as a full time student." Pls.' Mot. at 4. But Filipek characterized herself as "principally" a graduate student in her affidavit, *see* CAR at 317, providing a factual basis for USCIS to infer that her employment with Maxbud was secondary at best.

Finally, Plaintiffs contend that Filipek's assertion that she had no employment agreement does not contradict Maxbud's assertion that she had an employment contract because "neither states that there was a written contract." Pls.' Mot. at 4. But that is beside the point. A contract is simply an agreement—whether written or oral, as Plaintiffs recognize—to which the parties are bound by law. *See, e.g.*, *Justice v. Lang*, 42 N.Y. 493, 497 (1870). As a result, Filipek's and Maxbud's statements were mutually exclusive; and while one of them may have been a misstatement, it was "incumbent upon" Plaintiffs to resolve any such discrepancy "by independent objective evidence." *See Matter of Ho*, 19 I. & N. Dec. at 591.

Accordingly, Plaintiffs cannot show that USCIS's denial of the 2019 Petition on the ground that Advanced Cabinets failed to present sufficient evidence of Filipek's employment with Maxbud was arbitrary and capricious.

### 2. USCIS's Second Ground

Turning to USCIS's alternative ground for denying the 2019 Petition, there is no genuine dispute that it also finds a rational basis in the administrative record. Here, the agency determined that Advanced Cabinets failed to prove that Filipek's

13

claimed employment with Maxbud was "in the job offered" because its supporting documentation indicated that Filipek had not previously performed many of the job duties listed in its ETA Form 9089 labor certification. CAR at 5. Specifically, Advanced Cabinets' labor certification identified the job duties of a procurement specialist as follows:

> Buy cabinet projects for resale to consumers in showroom for a large kitchen/bath/office cabinet retailer. Attend trade shows and review brochures to see current trends and price variables. Assess quality, value and determine price point for specific products. Provide new product recommendations. Negotiate and enter into contracts with manufacturers in USA and Poland. Determine quality of merchandise to be ordered depending on current retain demand, coordinating with sales personnel. Arrange transportation for merchandise and inspect on arrival.

CAR at 49. By contrast, in the certificate of employment provided by Maxbud, the company's co-owner stated that "[t]he scope of [Filipek's] job duties was limited to the coordination of delivery dates and financial settlements related to it." CAR at 145. Thus, the record bears out the agency's sensible concern that Filipek lacked experience in many of the relevant job duties.

     Plaintiffs arguments are unconvincing. They largely ask the Court to find that Filipek "had the experience to perform the duties required for the [proffered] position even if they were not verbatim to the job duties listed on the ETA-9089," again suggesting de novo review. Pls.' Mot. at 5. But, to reiterate, the question under § 706(2)(A)'s deferential standard of review is merely whether the agency's decision is rationally connected to the administrative record, not whether the Court would have reached the same decision. *See Howard Young Med. Ctr.*, 207 F.3d at 441.

Finally, Plaintiffs suggest that, because DOL had already compared Filipek's prior job duties to those of the proffered position when it approved Advanced Cabinets' labor certification, USCIS was precluded from finding that the duties were insufficiently aligned. But DOL's review is limited to the information contained in the employer's completed ETA Form 9089. *See* 20 C.F.R. § 656.17(a)(3). And on that form, Advanced Cabinets represented that Filipek's job duties at Maxbud included "[p]urchasing products for resale and installation at construction job sites." CAR at 424. Once it came time for USCIS's review, however, Plaintiffs were required to support this statement with sufficient documentation. *See* 8 C.F.R. § 204.5(g)(1). In light of their failure to do so, USCIS decision was not arbitrary and capricious.

## IV. Conclusion

For the foregoing reasons, Defendants' cross-motion for summary judgment is granted, and Plaintiffs' cross-motion for summary judgment is denied. Judgment shall be entered accordingly in favor of Defendants. This case is closed.

**IT IS SO ORDERED.**  ENTERED: 3/4/21

*/s/ John Z. Lee*
_____
**John Z. Lee
United States District Judge**

15